# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>             Petitioner,<br><br>    v.<br><br>JUDITH E. MURRAY,<br><br>             Respondent. | No. 72501-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: February 16, 2016 |

LEACH, J. — The State asks this court to review a superior court order reversing the trial court's denial of Judith E. Murray's motion to suppress the results of a breath test administered after Murray was arrested for driving under the influence (DUI). The State contends that the trooper was not required to read the entire statutory warning, that the trooper provided Murray with an adequate warning, and that the record does not show actual prejudice. The trooper omitted a portion of the statutory warning related to THC[1] test results. Because the applicable statute required the THC warning and Murray was not required to show prejudice, we affirm.

## FACTS

On December 8, 2012, at about 8:10 p.m., Washington State Patrol Trooper Ernest Gerrer stopped Murray in Snohomish County for a traffic violation. Trooper Gerrer smelled an odor of intoxicants coming from inside Murray's vehicle and saw

---

[1] Tetrahydrocannabinol (THC) is the "chief active ingredient in marijuana, and the one largely responsible for its effects." State v. Smith, 93 Wn.2d 329, 333, 610 P.2d 869 (1980).

Murray's bloodshot and watery eyes. Trooper Gerrer heard Murray's extremely slurred speech. After Murray performed the field sobriety tests, Trooper Gerrer arrested her. Murray did not mention and Gerrer did not observe any marijuana at the time of arrest. After the arrest, Trooper Gerrer's standard inventory search of Murray's vehicle revealed a pipe and a small bag of marijuana in the passenger seat. When Trooper Gerrer asked Murray about the marijuana and pipe, she told him that she had smoked marijuana earlier that day.

Trooper Gerrer read Murray implied consent warnings for breath at the police station. This incident took place approximately two days after new laws took effect that set per se limits on THC concentration in blood.[2] Trooper Gerrer did not provide Murray with any warnings about per se THC concentration in her blood. The breath test administered can determine alcohol concentration in the breath, but it does not test for THC. Murray agreed to a breath test and provided two samples that showed a level over the per se legal limit for alcohol.

The State charged Murray with DUI. Murray filed a pretrial motion to suppress the breath test results. The Snohomish County District Court–Cascade Division held an evidentiary hearing on December 9, 2013. The district court decided that Trooper Gerrer gave Murray the sufficient statutory warnings and denied Murray's motion to

---

[2] Initiative 502, LAWS OF 2013, ch. 3, § 31 (amending RCW 46.20.308(2)(c)(i), effective December 6, 2012, to September 27, 2013, adding "the alcohol concentration of the driver's breath or blood is 0.08 or more <u>or that the THC concentration of the driver's blood is 5.00 or more</u>").

suppress. After a bench trial, the district court found Murray guilty as charged. Murray appealed the district court's denial of her motion to suppress.

On RALJ appeal,[3] the Snohomish County Superior Court reversed the trial court. It found Trooper Gerrer's warning inadequate because "[o]fficers do not have discretion to decide which of the required warnings are given to subjects suspected to have consumed both alcohol and THC."

The superior court remanded this case back to the district court for further proceedings consistent with its ruling. A commissioner of this court granted the State's petition for discretionary review.

## STANDARD OF REVIEW

We review de novo a superior court's legal conclusions about suppression of evidence.[4] We also review de novo the legal sufficiency of implied consent warnings.[5]

## ANALYSIS

The State contends that the superior court erred because the warning that Trooper Gerrer gave provided Murray with a sufficient opportunity to make a knowing and intelligent decision about taking the breath test and any deficiency in that warning did not prejudice Murray.

We recently considered and rejected the same arguments.[6] RCW 46.20.308 requires that before an officer gives a breath test to a person reasonably believed to be

---

[3] RALJ 1.1(a).
[4] State v. Chacon Arreola, 176 Wn.2d 284, 291, 290 P.3d 983 (2012).
[5] State v. Morales, 173 Wn.2d 560, 567, 269 P.3d 263 (2012).
[6] State v. Robison, No. 72260-3-I, slip op. (Wash. Ct. App. Feb. 16, 2016).

driving under the influence, an officer must provide that driver with certain warnings required by that statute.[7] Here, the State cannot show that an officer gave all the required warnings to Murray. Therefore, the superior court correctly decided that the breath tests to Murray were not admissible as evidence of her guilt. We affirm.

_Leach, J._

WE CONCUR:

_Dwyer, J._                    _Schindler, J._

---

[7] Robison, slip op. at 15-16.